## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DWAYNE EDDY BUCKNER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **No. CIV 24-166-RAW-JAR** |
| | ) | |
| **EASTERN OKLAHOMA DISTRICT** | ) | |
| **COURT SEQUOYAH COUNTY,** | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff, a pretrial detainee who is incarcerated at the Sequoyah County Jail in Sallisaw, Oklahoma, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1).  He alleges he is wrongfully incarcerated, and he had to register as a sex offender in Case No. CF-2000-348.[1]  *Id.* at 4.  He further claims that on November 3, 2010, Sequoyah County wrongfully sent him to prison for five years for failure to register as a sex offender in Case No. CF-2010-432.  *Id.*   He is seeking monetary relief for the alleged constitutional violations.  *Id.* at 5.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550

---

[1] Plaintiff does not specify in which county he was convicted in Case No. CF-2000-348.  According to the Oklahoma State Courts Network at https://www.oscn.net, Sequoyah County District Court Case No. CF-2000-348 did not concern Plaintiff.

U.S. 544 (2007).  *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009).  To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  The complaint also must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558.  The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).  *See also Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (holding that § 1915A dismissals are reviewed under the Fed. R. Civ. P. 12(b)(6) standard for stating a claim for relief).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*.  A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation

to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Discussion**

To the extent Plaintiff seeks compensatory damages for his alleged unconstitutional conviction or incarceration, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (citing 28 U.S.C. § 2254). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*.

After careful review, the Court finds Plaintiff has not made a showing that his conviction or sentence was invalid. If, however, Plaintiff wants to challenge his conviction or sentence, he may file a proper petition for a writ of habeas corpus. Forms for filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 are available from the Court Clerk.

**ACCORDINGLY,** this action is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A (b)(1) for failure to state a claim upon which relief may be granted. In addition, Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. 4) is DENIED as moot.

**IT IS SO ORDERED** this 4TH day of June 2024.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE